IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Canez-Romero,<br>　　　　　Petitioner,<br>v.<br>John E Cantu, et al.,<br>　　　　　Respondents. | No. CV-25-04431-PHX-DJH (DMF)<br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging his immigration detention. (Doc. 1.) On December 2, 2025, the Court Ordered Respondents to show cause ("the OSC") why the Petition should not be granted. (Doc. 5.) The OSC is now fully briefed. (Docs. 7, 9.) For the reasons that follow, the Petition is granted, and Respondents must either release Petitioner from custody or provide him a bond hearing within seven days.

**I.　Background**

Petitioner is a citizen of Mexico who entered the United States in early 2008 and "has remained here since then." (Doc. 1 ¶ 42.) Petitioner was arrested on March 18, 2025, and was issued a Notice to Appear that charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*, Ex. B.) Petitioner requested a custody redetermination before an Immigration Judge, but his request was denied on November 25, 2025, on the ground that the Immigration Court lacked jurisdiction because DHS had classified him as subject to §

1225(b)(2) under *Matter of Yajure Hurtado*.[1]  (*Id.*, Ex. C.)

Petitioner filed his Petition arguing his classification as an applicant for admission subject to mandatory detention violates the language of 8 U.S.C. § 1225(b)(2)(A), the regulations for bond proceedings, and his due process rights.  Petitioner requests release from custody or a bond hearing under § 1226.  In the OSC, the Court found that Petitioner's case was virtually indistinguishable from *Francisco Echevarria v. Pam Bondi*, et al., CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *9 (D. Ariz. Oct. 3, 2025), in which the district court determined individuals like Petitioner are governed by § 1226, not § 1225(b)(2)(A).  (Doc. 5 at 2.)

## II.     Analysis—Interpretation of 8 U.S.C. § 1225 and 8 U.S.C. § 1226

Respondents state they "are aware of this Court's prior decision rejecting Respondents' position, *see Echevarria v. Bondi*, No. 2:25-cv-03252-PHX-DWL, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025), but respectfully maintain that Petitioner falls within the definition of an 'arriving alien' warranting mandatory detention as the removal process unfolds. Respondents also maintain that an alien is an 'applicant for admission' until an immigration official has inspected that person and determined that he or she is admissible into the United States."  (Doc. 7 at 12.)

Nothing in Respondents' brief persuades the Court that the preliminary conclusion in the OSC is mistaken.  Indeed, in *Echevarria*, the district court specifically noted that "[g]iven that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point."  *Id.* at *6.

The Court is also aware of several decisions adopting Respondents' argument.

---

[1] A July 8, 2025 policy guidance memorandum issued by ICE announced that DHS had revisited the government's legal position on detention and release authorities. Under this "revisited" legal position, noncitizens present without admission are now subject to mandatory detention under 8 U.S.C. § 1225(b), rather than discretionary detention under 8 U.S.C. § 1226(a), because, under 8 U.S.C. § 1225(a)(1), they are deemed applicants for admission. The memo led to a recent Board of Immigration Appeals decision in *In re Hurtado*, 29 I&N 216 (B.I.A. 2025), adopting the memo's analysis and determining noncitizens present without admission are subject to mandatory detention under 8 U.S.C. § 1225(b).

*Valencia v. Chestnut*, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025); *Alonzo v. Noem*, 2025 WL 3208284 (E.D. Cal. Nov. 17, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Sandoval v. Acuna*, 2025 WL 3048926 (W.D. La. Oct. 31, 2025); *Rojas v. Olson*, 2025 WL 3033967 (E.D. Wisc. Oct. 30, 2025); *Garibay-Robledo v. Noem*, No. 1:25-CV-177-H, Doc. 9 (N.D. Tex. Oct. 24, 2025); *Vargas Lopez v. Trump*, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), *Chavez v. Noem*, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657 (E.D. Va. Aug. 5, 2025); *Pena v. Hyde*, No. 25-11983, 2025 WL 2108913 (D. Mass. July 28, 2025). But Respondents' position is in the minority. In the weeks since the district court considered the issue in *Echevarria*, dozens of other courts have reached its same conclusion. *See, e.g., Quinapanta v. Bondi*, 2025 WL 3157867, *6 (W.D. Wisc. Nov. 12, 2025) ("[M]ore than 45 district courts have now rejected similar arguments made by respondents here and ordered bond hearings for noncitizens who, like petitioner, were apprehended within the United States years after entering without admission or inspection unless implicated by any criminal activity covered by § 1226(c). These decisions, along with a growing number of others, including this Court, have concluded that the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades support its application to noncitizens in petitioner's position.") (cleaned up).

Having reviewed the recent decisions adopting the Respondents' minority view, the Court agrees with the conclusion reached in *Echevarria*. For these reasons, the Petition is granted as to Counts One and Three of the Amended Petition, and Petitioner must receive a bond hearing under 8 U.S.C. § 1226(a).[2]

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as to Counts One and Three**. The remainder of the Petition is denied as moot.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release him from custody under the same conditions that

---

[2] Because the Court grants relief as to Counts One and Three, it will deny the remainder of the Petition as moot.

1  existed before his detention.
2  3.  Respondents must provide a notice of compliance within **two days** of
3  releasing Petitioner or providing him a bond hearing.
4  4.  All remaining motions are denied as moot.
5  5.  The Clerk of Court shall enter judgment in Petitioner's favor and close this
6  case.
7  Dated this 12th day of December, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge